J-A11008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JANET WEARY, | |
| Appellant | No. 1624 EDA 2015 |

Appeal from the Judgment of Sentence May 25, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008915-2008

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 22, 2016**

Appellant, Janet Weary, appeals from the judgment of sentence entered on May 25, 2012, in the Philadelphia County Court of Common Pleas.[1]  We affirm.

On November 1, 2007, Appellant and her brother, Rufus Weary ("Rufus"), were engaged in selling controlled substances in Philadelphia.

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  While Appellant's judgment of sentence was entered on May 25, 2012, due to overlapping breakdowns in the operation of the courts and because of premature filings of appeals and motions for collateral relief, Appellant's timely post-sentence motion was not finally disposed of until May 19, 2015. Order, 5/19/15 (Certified Record at Docket Entry #20).  This order expressly provided Appellant thirty days in which to file an appeal.  **Id**.  This timely appeal followed.  As set forth in our discussion, the tortured procedural history was described in detail in the trial court's opinion.  Trial Court Opinion, 9/30/15, at 1-4.

Appellant believed that a third drug dealer, Alan Reeder ("Reeder"), was also selling drugs in the vicinity. Appellant and Reeder had an argument, and Appellant informed Reeder that she was going to get her brother Rufus to deal with him. Rufus and his friend, David McCoy ("McCoy") arrived at the scene and went to confront Reeder with their guns drawn. Appellant identified Reeder to Rufus, and a gun battle began. While Appellant, Rufus, and McCoy conspired and intended to kill Reeder, during the shooting, Rufus accidentally shot and killed his cohort, McCoy. The Commonwealth subsequently charged Appellant and Rufus with numerous crimes in connection with the shooting and prosecuted the pair under the theory of transferred intent on the murder charge.

The convoluted procedural history of this case was set forth by the trial court as follows:

> On June 30, 2009, a … jury trial before this Court commenced against [Appellant] and her brother, Rufus Weary (Mr. Weary)[.] Appellant was charged with murder, attempted murder, criminal conspiracy, recklessly endangering another person (REAP) and possessing instruments of crime (PIC).[1] On July 7, 2009, after five days of trial, this Court granted Mr. Weary's motion for a mistrial.[2] Notes of Testimony (N.T.) 7/7/2009 at 130. A joint re-trial was scheduled for April 30, 2010. N.T. 1/4/2010 at 70. However, prior to trial, [Appellant] informed this Court of her intent to plead guilty; on May 5, 2010, [Appellant] pled guilty[3] to murder of the third degree (F-1) and criminal conspiracy (F-1).[4] During her guilty plea colloquy, [Appellant] acknowledged that the Commonwealth would recommend a sentence within the range prescribed by the sentencing guidelines if she testified against Mr. Weary at his retrial. N.T. 5/5/2010 at 6-7. Thus, sentencing was deferred until after [Appellant] testified against her brother. Id.

[1] Rufus Weary was charged with murder, attempted murder, criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, REAP and PIC, at CP-51-CR-0008916-2008. Mr. Weary was also charged with witness intimidation, hindering apprehension, and obstruction of law enforcement, at CP-51-CR-0005738-2009.

[2] Although [Appellant] did not formally join in Mr. Weary's motion for a mistrial, her attorney, Michael Wallace, Esquire, affirmatively stated that he did not object to this Court granting a mistrial.

[3] [Appellant] was represented by Michael Wallace, Esquire, during … trial and also during her plea.

[4] 18 Pa.C.S. §§ 2502(c) and 903(a), respectively.

For two years, [Appellant] remained in jail, awaiting Mr. Weary's trial. She wrote to this Court a number of times – on November 16, 2010, November 30, 2010, December 23, 2010,[5] July 24, 2011, and August 2, 2011 – asking to be sentenced before Mr. Weary's impending trial or to be released on bail pending sentencing. N.T. 5/18/2012 at 9-12. In those letters, [Appellant] did not proclaim her innocence, nor did she request to withdraw her plea. Id. at 12. On May 17, 2012, three days after Mr. Weary's re-trial began, [Appellant's attorney,] Mr. Wallace[,] provided Assistant District Attorney (ADA) Carolyn Naylor with a *pro se* motion that [Appellant] had completed, requesting to withdraw her guilty plea.[6] Id. at 6-7. On May 18, 2012, this Court held a hearing on [Appellant's] motion and found that [Appellant's] two-year delay in requesting to withdraw her plea, and the timing of her request – after re-trial had commenced in the case for which she would have been re-tried with her brother had she sought to withdraw her plea earlier – substantially prejudiced the Commonwealth. Id. at 23-24. Accordingly, this Court denied [Appellant's] motion … to withdraw her plea and, on May 25, 2012, sentenced [Appellant] to an aggregate term of not less than 23 years nor more than 46 years confinement.[7] N.T. 5/25/12 at 17-18.

5  [Appellant's] December 23, 2010 letter was written to [Attorney] Wallace, but this Court received a carbon copy from [Appellant].

6  [Appellant's] *pro se* motion bears a time stamp of May 14, 2012. However, as the notes of testimony reflect, ADA Naylor did not receive this motion until May 17, 2012. N.T. 5/18/2012 at 7. It was on May 17, 2012 that ADA Naylor provided a copy of [Appellant's] motion to this Court. Id.

7  As to [Appellant's] conviction for murder of the third degree, this Court imposed a sentence of not less than 15 years nor more than 30 years confinement. As to [Appellant's] conviction for criminal conspiracy, this Court imposed a consecutive sentence of not less than eight years nor more than 16 years confinement. N.T. 5/25/12 at 17-18.

At the conclusion of the sentencing hearing, this Court instructed [Appellant's] attorney to file post-sentence motions, addressing this Court's decision to deny [Appellant's] motion to withdraw her plea.[8] N.T. 5/25/2012 at 20. However, he failed to do so.[9] On May 31, 2012, J. Michael Farrell, Esquire, entered his appearance on behalf of [Appellant]. On June 19, 2012, Mr. Farrell filed a petition pursuant to the Post-Conviction Relief Act (PCRA),[10] requesting reinstatement of [Appellant's] right to file post-sentence motions. Three days later, on June 22, 2012, Mr. Farrell also filed a notice of appeal.

8  At this time, Mr. Wallace asked this Court's permission to withdraw as counsel. This Court granted Mr. Wallace's request but instructed him to go ahead and file the motion for reconsideration prior to his withdrawal, as appointment of new counsel might take longer than anticipated. N.T. 5/25/12 at 20.

9  On May 29, 201[2], Mr. Wallace filed post-sentence motions on [Appellant's] behalf. However, he failed to ask this Court to reconsider its decision to deny [Appellant's] motion to withdraw her guilty plea. The only issue presented in Mr. Wallace's post-

- 4 -

sentence motions concerned discretionary aspects of sentencing. On May 31, 2010, J. Michael Farrell was appointed to represent [Appellant].

[10] 42 Pa.C.S. §§ 9541-9546.

Because the PCRA petition predated the notice of appeal, the Clerk of Courts followed the protocol in place for standard PCRA litigation in Philadelphia County: the Clerk of Courts held the case until the Commonwealth filed an answer. On June 6, 2013, the Commonwealth responded to [Appellant's] amended PCRA petition with a motion to dismiss. In August 2013, the case was finally transmitted to this Court for judicial review and adjudication. On October 25, 2013, having determined that [Appellant's] June 19, 2012 PCRA petition had been filed prematurely, this Court dismissed [Appellant's] PCRA petition without prejudice pursuant to Commonwealth v. Leslie, 757 A.2d 984, 985 (Pa. Super. 2000), accepted [Appellant's] June 22, 2012 timely notice of appeal as the controlling instrument, and ordered [Appellant] to file an itemized statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (1925(b) Statement), which was filed on November 15, 2013. On December 5, 2014, the Superior Court remanded the case to this Court because in its Pa.R.A.P. 1925(a) Opinion, this Court stated that [Appellant] had filed timely post-sentence motions on May 29, 2012;[11] yet none appeared on the docket or certified record. Unsure of whether the appeal was timely, the Superior Court remanded the case to this Court to determine whether post-sentence motions were filed. Having determined that the defendant had filed a post-sentence motion, and that it [was] still "pending,"[12] per the Superior Court's instructions, this Court issued an Order on December 10, 2014 allowing [Appellant's] appeal to proceed. See Exhibit A, Order, 12/10/14. On February 3, 2015, the Superior Court quashed [Appellant's] appeal as premature, with instructions given to the Clerk of Courts.[13] On May 19, 2015, pursuant to the Superior Court's instructions, the Clerk of Courts served this Court's Order denying post-sentence motions on [Appellant] and counsel, and this timely appeal followed on May 28, 2015.

[11] 1925(a) Opinion, 1/28/14, at p.3, n.8.

[12] [Appellant] had filed a notice of appeal on June 22, 2012, when her post-sentence motions

- 5 -

were still pending. However, this was through no fault of [Appellant's], as the Post-Trial Unit had inexplicably failed to include [Appellant's] post-sentence motion on the docket. The post-sentence motion should then have been denied by operation of law on September 26, 2010 by the Clerk of Courts. However, as previously noted, there had been a complete failure by the Clerk of Courts in even docketing the post-sentence motion.

[13] Commonwealth v. Janet Weary, No. 3498 EDA 2013, slip op. (Pa. Super., Feb. 3, 2015) (memorandum opinion). The Superior Court instructed the Clerk of Courts to serve on [Appellant] and her counsel this Court's December 10, 2014 Order denying her post-sentence motions. Id. at p.3, n.9. The Superior Court further directed the Clerk of Courts to include a cover letter with the Order that included a date certain, and docket the date of service of the Order in accordance with Pa.R.Crim.P. 114(C)(2)(c). Id. This date would serve as the date from which the clock would start running for [Appellant] to file a timely notice of appeal. Id.

Trial Court Opinion, 9/30/15, at 1-4.

On appeal, Appellant presents one issue for this Court's consideration:

Whether the aggregate sentence of 23 to 46 years imposed by the trial court on the charges of third degree murder and conspiracy to commit third degree murder was excessive and therefore unreasonable under the totality of the circumstances – even though within the sentencing guidelines ranges for each offense – and therefore constituted an abuse of discretion?

Appellant's Brief at 2.

Appellant's issue presents a challenge to the discretionary aspects of her sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue

- 6 -

such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in her brief. Thus, we next assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 912-913.

In her brief, Appellant argues that because the sentences were ordered to run consecutively, it resulted in a manifestly excessive and unreasonable sentence because, while she pointed out the intended victim, her conduct was not the type that "substantially preexists the substantive offense."[2] Appellant's Brief at 15-16.[3] We conclude that Appellant has presented a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1269 (Pa. Super. 2013) (stating that claims of a manifestly excessive sentence due to the imposition of consecutive sentences may present a substantial question).

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> *Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure

---

[2] While Appellant is somewhat vague in her argument, we conclude that the crux of her claim is that she merely identified the intended victim, but she did not personally fire a weapon.

[3] We note that Appellant correctly recognizes that the imposition of consecutive sentences is not, *per se*, unreasonable; rather it is dependent on the facts of the individual case. Appellant's Brief at 18.

factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003).

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (quoting ***Commonwealth v. Pass***, 914 A.2d 442, 446–447 (Pa. Super. 2006)); 42 Pa.C.S. § 9721; ***see also Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating appellant is not entitled to "volume discount" for her crimes by having all sentences run concurrently).

The Sentencing Guidelines provide that for third-degree murder and conspiracy to commit murder the minimum sentence range is between ninety-six months to the statutory limit. 204 Pa.Code § 303.16(a). Thus, the trial court sentenced Appellant in the standard range of the Sentencing Guidelines on both convictions. Appellant concedes this point. Appellant's Brief at 15. However, Appellant argues that her conduct does not deserve such severe punishment as she was merely an accomplice. Appellant's Brief at 18.

Appellant's claim that she was somehow less culpable or a minor player in the murder is meritless, and she is not entitled to a reduced level of criminal culpability. Indeed:

> [o]nce there is evidence of a conspiracy, all conspirators are equally criminally responsible for the acts of their co-conspirators committed in furtherance of the conspiracy regardless of their individual knowledge of such actions and regardless of which member of the conspiracy undertook the action. Even if a defendant did not act as a principal in committing the underlying crime, … he is still criminally liable for the actions of the co-conspirator taken in furtherance of the conspiracy.

*Commonwealth v. Figueroa*, 859 A.2d 793, 798-799 (Pa. Super. 2004) (citations omitted). Aside from Appellant's displeasure with the sentences, she has failed to explain how the sentences imposed were an abuse of discretion. It is well settled that Appellant is not entitled to a "volume discount" for her offenses. *Hoag*, 665 A.2d at 1214. Based upon the foregoing, Appellant's sentence is not excessive or unreasonable in light of the crimes committed and the sentencing court's consideration of the individual circumstances of this case. *Prisk*, 13 A.3d at 533; *see also Commonwealth v. McWilliams*, 887 A.2d 784, 787 (Pa. Super. 2005) (holding that standard-range sentences were not excessive even though they ran consecutively).

While Appellant raised a substantial question concerning the sentences imposed, after review, we conclude that there is no merit to her claim and no relief is due. The sentences were not manifestly excessive, and the trial

court did not abuse its discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016