J-S96042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRED AUGUSTA MITCHELL | |
| Appellant | No. 1060 WDA 2016 |

Appeal from the PCRA Order Dated July 13, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001539-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 05, 2017**

Appellant Fred Augusta Mitchell appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The following facts and procedural history are set forth in the PCRA court's opinion.

> On January 8, 2014, a three-day jury trial commenced against Appellant for charges of rape by forcible compulsion, rape of a child, involuntary deviate sexual intercourse (IDSI) by forcible compulsion, IDSI with a complainant who is less than sixteen years of age, aggravated indecent assault by forcible compulsion, aggravated indecent assault against a complainant who is less than thirteen years of age, indecent assault by forcible compulsion, and indecent assault against a complainant who is less than thirteen years of age.  At trial, the Commonwealth presented testimony by the minor victim, her mother, her paternal grandmother, a forensic interviewer, and an expert in pediatric child abuse.  The Commonwealth also introduced into evidence a video

recording of the interview between the minor victim and the forensic interviewer. After the Commonwealth rested, two defense witnesses testified.

On January 10, 2014, the jury found Appellant guilty of all charged offenses. Thereafter, the Commonwealth filed a notice of intention to seek a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718(a). On April 3, 2014, the trial court held a sentencing hearing. The court imposed an aggregate sentence of forty (40) to eighty (80) years of imprisonment. Additionally, the court found Appellant to be a sexually violent predator (SVP) and required him to register for life pursuant to Pennsylvania's Sexual Offender Registration and Notification Act (SORNA).

Appellant filed a timely appeal to the appellate court. On January 22, 2015, the Superior Court affirmed the convictions and denied all five of Appellant's concise issues. However, the Superior Court addressed Appellant's sentence *sua sponte*. The Superior Court vacated Appellant's sentence and remanded to this Court, instructing that Appellant be resentenced without considering the mandatory minimum at Section 9718.

This Court resentenced Appellant on March 6, 2015, pursuant to the Superior Court's instructions and without contemplating the mandatory minimum at Section 9718. Appellant was sentenced to a term of imprisonment of not less than thirty-nine (39) years nor more than seventy-eight (78) years. Appellant filed a post-sentence modification of sentence; it was denied on March 11, 2015. Appellant again filed a timely appeal to the Superior Court. Since "Appellant merely reproduce[d] *verbatim* the arguments presented in his prior appellate brief[, the Superior Court did] not consider those arguments a second time." **Commonwealth v. Mitchell**, 438 WDA 2015, unpublished memorandum at 7.

On December 28, 2015, Appellant filed a *pro se* Petition for Post-Conviction Collateral Relief. On January 4, 2016, this Court appointed James V. Natale, Esquire, who subsequently filed an amended petition. Appellant asserted his counsel from the Fayette County Public Defender's Office was ineffective for failing to request a court-appointed psychological expert for his hearing to

determine whether he was a SVP and ineffective for waiting until the day of trial to view video evidence of the minor victim's interview with the forensic interviewer. A hearing on the PCRA petition was held on July 12, 2016.

Appellant testified at the PCRA hearing. On the issue of the determination of his status as a SVP, Appellant testified that:

(1) He was not aware of the consequences of being deemed a SVP;

(2) He was not aware of his rights during a SVP hearing;

(3) He did not know if he requested his attorney to have his own expert at the SVP hearing;

(4) A SVP hearing was not held; and

(5) He did not stipulate to the conclusions from the expert's report on behalf of the Commonwealth that he was a SVP.

Appellant also testified on the issue of his trial counsel being ineffective. He testified that he was not aware of the drawings made by the minor victim and the videotaped statements of the minor victim until the day of trial. However, he did not know when his trial counsel became aware and viewed this evidence.

On the other hand, the Commonwealth presented testimony from Appellant's trial counsel, Attorney Deanna Liptak, Esquire. Attorney Liptak stated that she received and personally reviewed the file a week before trial, including drawings attached to the discovery packet. She also testified that while she viewed the videotape of the minor victim's interview the morning of trial, the video was entirely consistent with the discovery she previously reviewed and corroborated the other evidence presented at trial by the Commonwealth.

The Commonwealth also presented testimony from Appellant's sentencing counsel, Attorney Charity Grimm Krupa, Esquire. Attorney Krupa testified that a full SVP hearing at the time of sentencing did not take place because Appellant narrowly stipulated, without agreeing to

the conclusion that Appellant was a SVP, that the Commonwealth's expert would testify to the contents of his report. Attorney Krupa further testified that she would have told Appellant that he had a right to call an expert witness on his behalf. After the hearing, this Court denied Appellant's Amended PCRA Petition.

PCRA Ct. Op., 9/9/16, at 2-5 (footnotes omitted). The PCRA court denied Appellant's petition on July 13, 2016. Appellant filed a timely Notice of Appeal.

In this appeal, Appellant raises the following issues:

Whether the PCRA court erred in not finding defense counsel ineffective for failing to inform defendant of his right to a court-appointed psychological expert?

Whether the PCRA court erred in not finding defense counsel ineffective for failing to watch the alleged victim's videotaped statement until the day of the trial?

Appellant's Brief at 3.

In reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super.), *appeal denied*, 808 A.2d 571 (Pa. 2002). This Court defers to the findings of the PCRA court, which will not be disturbed unless they have no support in the certified record. *Id.* "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super.), *appeal denied*, 9 A.3d 626 (Pa. 2010).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must demonstrate that: "(1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission." **Payne**, 794 A.2d at 905-06. A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. **Commonwealth v. Keaton**, 45 A.3d 1050, 1061 (Pa. 2012).

After careful review of the record, the parties' briefs, and the opinion of the Honorable Joseph M. George, Jr., we affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op. at 7-9 (holding (1) Appellant failed to prove arguable merit of claim that his counsel failed to inform him of his right to a court-appointed psychological expert, where counsel testified credibly at PCRA hearing that she informed Appellant of that right and Appellant was uncertain about their discussion; and (2) Appellant failed to prove prejudice with respect to claim that counsel did not watch videotaped interview of victim until the morning of trial, where video was entirely consistent with other evidence). Having determined that the evidence supports the PCRA court's ruling and that the ruling is free of legal error, **see Payne**, 794 A.2d at 905, we affirm the PCRA court's order. The parties are instructed to attach a copy of the PCRA court's opinion of September 9, 2016, to all future filings that reference this Court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2017

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,  : CRIMINAL ACTION

v.                                                            :

FRED AUGUSTA MITCHELL,                    : NO. 1539 OF 2013

      Appellant.                                     :

_____ : JUDGE JOSEPH M. GEORGE, JR.

**ATTORNEYS AND LAW FIRMS**

Meghann E. Mikluscak, Esquire, Assistant District Attorney, *For the Commonwealth*

James V. Natale, Esquire, *For the Appellant*

# OPINION

GEORGE, J.                                                      September 9, 2016

On December 28, 2015, Appellant, Fred Augusta Mitchell, filed a Petition for Post-Conviction Collateral Relief pursuant to the Post-Conviction Relief Act (PCRA).[1] Appellant was appointed counsel and an Amended Petition was filed. A hearing on the petition was held on July 12, 2016. On July 13, 2016, this Court denied Appellant's Amended Petition. Appellant filed a direct appeal to the Superior Court of Pennsylvania. This Opinion is in support of this Court's Order denying Appellant's Amended PCRA Petition.

---

[1] 42 Pa. C.S. § 9541, *et seq.*

## CONCISE ISSUES

Appellant filed the following Statement of Errors Complained of on Appeal:

1. Whether the PCRA Court erred in not finding defense counsel ineffective for failing to inform Defendant of his right to a court-appointed psychological expert?

2. Whether the PCRA Court erred in not finding defense counsel ineffective for failing to watch the alleged victim's videotaped statement until the day of the trial?

## FACTUAL BACKGROUND

On January 8, 2014, a three-day jury trial commenced against Appellant for charges of rape by forcible compulsion, rape of a child, involuntary deviate sexual intercourse (IDSI) by forcible compulsion, IDSI with a complainant who is less than sixteen years of age, aggravated indecent assault by forcible compulsion, aggravated indecent assault against a complainant who is less than thirteen years of age, indecent assault by forcible compulsion, and indecent assault against a complainant who is less than thirteen years of age.[2] At trial, the Commonwealth presented testimony by the minor victim, her mother, her paternal grandmother, a forensic interviewer, and an expert in pediatric child abuse. The Commonwealth also introduced into evidence a video recording of the interview between the minor victim and the forensic interviewer. After the Commonwealth rested, two defense witnesses testified.[3]

---

[2] 18 Pa. C.S. §§ 3121(a)(1), 3121(c), 3123(a)(1), 3123(a)(7), 3125(a)(2), 3125(a)(7), 3126(a)(2), and 3126(a)(7), respectively.

[3] For a more comprehensive summary of the facts of the case, see *Commonwealth v. Mitchell*, No. 578 WDA 2014, unpublished memorandum at 2-4.

On January 10, 2014, the jury found Appellant guilty of all charged offenses. Thereafter, the Commonwealth filed a notice of intention to seek a mandatory minimum sentence pursuant to 42 Pa. C.S. § 9718(a). On April 3, 2014, the trial court held a sentencing hearing. The court imposed an aggregate sentence of forty (40) to eighty (80) years of imprisonment. Additionally, the court found Appellant to be a sexually violent predator (SVP) and required him to register for life pursuant to Pennsylvania's Sexual Offender Registration and Notification Act (SORNA).[4]

Appellant filed a timely appeal to the appellate court. On January 22, 2015, the Superior Court affirmed the convictions and denied all five of Appellant's concise issues. However, the Superior Court addressed Appellant's sentence *sua sponte*. The Superior Court vacated Appellant's sentence and remanded to this Court, instructing that Appellant be resentenced without considering the mandatory minimum at Section 9718.[5]

This Court resentenced Appellant on March 6, 2015, pursuant to the Superior Court's instructions and without contemplating the mandatory minimum at Section 9718. Appellant was sentenced to a term of imprisonment of not less than thirty-nine (39) years nor more than seventy-eight (78) years. Appellant filed a post-sentence modification of sentence; it was denied on March 11, 2015. Appellant again filed a timely appeal to the Superior Court. Since "Appellant merely reproduce[d] *verbatim* the arguments presented in his prior appellate brief[, the

---

[4] 42 Pa. C.S. § 9799.10 *et seq.*

[5] *See Mitchell*, No. 578 WDA 2014, unpublished memorandum.

Superior Court did] not consider those arguments a second time." *Commonwealth v. Mitchell*, 438 WDA 2015, unpublished memorandum at 7.

On December 28, 2015, Appellant filed a *pro se* Petition for Post-Conviction Collateral Relief. On January 4, 2016, this Court appointed James V. Natale, Esquire, who subsequently filed an amended petition. Appellant asserted his counsel from the Fayette County Public Defender's Office was ineffective for failing to request a court-appointed psychological expert for his hearing to determine whether he was a SVP and ineffective for waiting until the day of trial to view video evidence of the minor victim's interview with the forensic interviewer. A hearing on the PCRA petition was held on July 12, 2016.

Appellant testified at the PCRA hearing. On the issue of the determination of his status as a SVP, Appellant testified that:

(1) He was not aware of the consequences of being deemed a SVP;

(2) He was not aware of his rights during a SVP hearing;

(3) He did not know if he requested his attorney to have his own expert at the SVP hearing;

(4) A SVP hearing was not held; and

(5) He did not stipulate to the conclusions from the expert's report on behalf of the Commonwealth that he was a SVP.

Appellant also testified on the issue of his trial counsel being ineffective. He testified that he was not aware of the drawings made by the minor victim and the videotaped statements of the minor victim until the day of trial. However, he did not know when his trial counsel became aware and viewed this evidence.

4

On the other hand, the Commonwealth presented testimony from Appellant's trial counsel, Attorney Deanna Liptak, Esquire. Attorney Liptak stated that she received and personally reviewed the file a week before trial, including drawings attached to the discovery packet. She also testified that while she viewed the videotape of the minor victim's interview the morning of trial, the video was entirely consistent with the discovery she previously reviewed and corroborated the other evidence presented at trial by the Commonwealth.

The Commonwealth also presented testimony from Appellant's sentencing counsel, Attorney Charity Grimm Krupa, Esquire. Attorney Krupa testified that a full SVP hearing at the time of sentencing did not take place because Appellant narrowly stipulated, without agreeing to the conclusion that Appellant was a SVP, that the Commonwealth's expert would testify to the contents of his report.[6] Attorney Krupa further testified that she would have told Appellant that he had a right to call an expert witness on his behalf. After the hearing, this Court denied Appellant's Amended PCRA Petition.

## DISCUSSION

Appellant appeals from this Court's Order denying his PCRA petition. The appellate court standard of review is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error. *Commonwealth v. Johnson*, 600 Pa. 329, 345, 966 A.2d 523, 532 (2009). The reviewing court pays great deference to the findings of the PCRA court.

---

[6] A review of the April 3, 2014 sentencing transcript corroborates Attorney Krupa's testimony on this point.

5

*Commonwealth v. G.Y.*, 63 A.3d 259, 265 (Pa. Super. 2013). Moreover, in conducting a review of a PCRA matter, the Superior Court considers the record in light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015).

Both of Appellant's concise issues relate to counsel ineffectiveness. To be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that the challenged conviction or sentence resulted from ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. C.S. § 9543(a)(2)(ii). To meet this standard, a petitioner must establish: (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate her client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e., that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. *Commonwealth v. Bracey*, 568 Pa. 264, 276, 795 A.2d 935, 942 (2001). All three prongs must be satisfied and the failure to even meet one prong of the test would not entitle the petitioner to relief on the basis of ineffective assistance of counsel. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa. Super. 2004).

Finally, counsel is presumed to be effective unless the petitioner proves otherwise. *Commonwealth v. Hanible*, 612 Pa. 183, 205, 30 A.3d 426, 439 (2011). The alleged ineffectiveness must be evaluated in light of the circumstances at the

6

time of counsel's actions rather than in hindsight. *Commonwealth v. Hardcastle*, 549 Pa. 450, 464, 701 A.2d 541, 547 (1997).

Appellant's first concise issue is whether the PCRA court erred in not finding defense counsel ineffective for failing to inform Appellant of his right to a court-appointed psychological expert during his SVP hearing. An individual convicted of sexually violent offenses has certain rights at their required SVP hearing, including

> an opportunity to be heard, the right to call witnesses, the right to call expert witnesses and the right to cross-examine witnesses. In addition, the individual shall have the right to counsel and to have an attorney appointed to represent the individual if the individual cannot afford one. If the individual requests another expert assessment, the individual shall provide a copy of the expert assessment to the district attorney prior to the hearing.

42 Pa. C.S. § 9799.24(e)(2). Additionally, the Superior Court has ruled that an indigent individual has the right to a court-appointed expert, stating "[w]e do not believe the legislature intended to give a defendant the right to court-appointed counsel but then deny counsel the resources he needs to effectively represent his client at an SVP proceeding. *Commonwealth v. Curnutte*, 871 A.2d 839, 842 (Pa. Super. 2005).

We agree with the Commonwealth that the issue here was not whether Appellant had the right to a court-appointed psychological expert; he most certainly did under *Curnutte*. Rather, this issue was whether his counsel informed him of that right and whether he requested to assert that right.

7

Appellant and his sentencing counsel, Attorney Krupa, testified before this Court at the PCRA hearing. After review, we found Attorney Krupa to be credible.[7] She testified that she informed Appellant prior to his sentence of his rights, including his right to a psychological expert on his behalf. Moreover, Appellant testified that he did not know if he requested his attorney to have his own expert. Based on Attorney Krupa's believability along with Appellant's uncertainty, Appellant was unable to prove that Attorney Krupa's conduct was anything but effective. Therefore, Appellant's first issue is without merit.[8]

Appellant also contends this Court erred in not finding trial counsel ineffective for failing to watch the videotaped interview of the minor victim until the morning of trial. Appellant is correct that Attorney Liptak first viewed the videotaped interview on the morning of trial. Nevertheless, her conduct of viewing the video on the morning of trial did not prejudice Appellant.

Everything contained in the video was outlined and entirely consistent with the discovery that the public defender's office received well before trial. Attorney Liptak was assigned the case a week before trial and reviewed the discovery at that

---

[7] A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. *Commonwealth v. Johnson*, 600 Pa. at 356, 966 A.2d at 539.

[8] In his Amended Petition, Appellant requests a new trial for Attorney Krupa's alleged ineffectiveness in failing to inform him of his right to a court-appointed psychological expert. *See* Appellant's Amended Post Conviction Relief Act Petition, Page 3 (unnumbered). Should the Superior Court find merit in this claim, Appellant would not receive a new trial. This issue relates solely to Appellant's SVP hearing. Thus, the appropriate relief would be a new SVP hearing. Nevertheless, as stated above, Appellant failed to meet his burden for this issue.

8

time.[9] Since the video did not contain any new information that counsel was unaware of, Appellant was not prejudiced.[10]

Even more, had the video not been shown at trial, the same evidence, via the Commonwealth's witnesses, would have been presented to the jury.[11] Therefore, Appellant did not meet his burden that there was a reasonable probability but for counsel's actions, the outcome of the trial would have been different. Accordingly, Appellant's last concise issue is without merit.

BY THE COURT:

ATTEST:

_____
Janice Snyder
CLERK OF COURTS

_____
JOSEPH M. GEORGE, JR., JUDGE

9-13-16 10:00

Natale-1

FAY. CO. BAR-R

---

[9] Attorney Liptak testified that drawings made by the minor victim were attached to the discovery packet that she reviewed a week before trial. Finding her testimony to be credible, Appellant's contention in his petition that she did not view the drawings until the day of trial is of no merit.

[10] On the morning of trial, Attorney Liptak made an oral motion *in limine* with this Court to exclude the video since at that point in time she had not yet viewed the video. This Court denied the motion but gave the defense time prior to trial to view the video.

[11] Attorney Liptak's testimony and the jury trial transcript show that the video corroborated the minor victim's testimony.

9