COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth CURNUTTE, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 29, 2004.

Filed March 22, 2005.

Linda S. Hollinger, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: KLEIN, McCAFFERY and MONTEMURO *, JJ.

OPINION BY KLEIN, J.:

¶ 1 Kenneth Curnutte, Jr. appeals from the judgment of sentence entered November 6, 2003 following his entry of a guilty plea to one count of sexual abuse of children. Curnutte challenges the trial court's determination that he is a sexually violent predator (SVP) under Megan's Law II, 42 Pa.C.S.A. §§ 9791–99.7. He claims his due process rights were violated because

---

* Retired Justice assigned to the Superior Court.

he could not afford to hire a psychological expert either to assist in preparing for the SVP hearing or to testify on his behalf at the hearing, and due to the court's refusal to appoint an expert, he was denied the opportunity to present a full and fair defense.

¶ 2 This appeal presents us with an issue of first impression: whether under the statutory scheme in Pennsylvania a defendant is entitled to the assistance of a court-appointed psychological expert at an SVP proceeding when he is unable to procure one on his own. The statute grants a defendant the right to counsel for an SVP proceeding. If counsel cannot receive the assistance of an expert to assist in reviewing the report of the expert testimony of a member of the Sexual Offenders Assessment Board and cannot hire an expert to refute such a finding, the right to counsel would be meaningless. Therefore, we conclude that he has such a right. Therefore, we: (1) vacate the trial court's determination that Curnutte is an SVP; (2) remand for the appointment of an expert and a new SVP hearing; and (3) otherwise affirm the judgment of sentence.[1]

¶ 3 The charges in this case stemmed from Curnutte's videotaping of a 13–year–old girl, who is a friend of Curnutte's daughter, in the bathroom of his home. On January 22, 2003, Curnutte pled guilty to one count of sexual abuse of children in exchange for a sentence of 14 to 28 months in prison.[2]

¶ 4 After the Megan's Law hearing was scheduled, Curnutte's privately retained counsel moved for a continuance on the ground that he was unable to adequately represent Curnutte without the assistance of a psychological expert. He requested that an expert be appointed by the court or, in the alternative, that the public defender's office be appointed to represent Curnutte at the hearing. The trial court continued the hearing but denied counsel's requests.

¶ 5 At the Megan's Law hearing on September 29, 2003, Curnutte's counsel renewed his request for appointment of an expert. The trial court noted that there was no dispute that Curnutte was indigent. However, the court stated:

> To the extent that the record may be unclear on that matter we will now make it clear, acknowledging your request for the appointment of an expert. And as I said before, I can find no statutory authority for that proposition. This is an expensive undertaking, and I certainly would not appoint an expert unless I felt that there was some legal authority for that.

(N.T. SVP Hearing, 9/29/03, at 5.)

¶ 6 The Commonwealth presented the expert testimony of Nancy W. Einsel, a member of the Sexual Offenders Assessment Board and a licensed mental health counselor, who testified that in her opinion, Curnutte satisfied the statutory criteria for an SVP. See 42 Pa.C.S.A. § 9792. Curnutte's counsel cross-examined Einsel regarding her findings and conclusions but did not present any rebuttal witnesses. On October 28, 2003, the trial court issued an order finding Curnutte to be an SVP,

---

1. Due to our resolution of Curnutte's due process claim, we need not reach his second claim regarding whether the trial court's SVP finding was supported by clear and convincing evidence.

2. At the same proceeding, Curnutte pled guilty in two other cases to corruption of minors and received probationary sentences, which were run consecutive to the prison sentence in this case. Curnutte did not appeal from those judgments of sentence because the offenses do not implicate Megan's Law.

thus subjecting him to the lifetime registration requirements of Megan's Law.

¶ 7 On appeal, Curnutte asserts that the trial court abused its discretion in denying his request for appointment of an expert. We agree.[3]

¶ 8 In rejecting Curnutte's claim that he was entitled to a court-appointed expert, the trial court relied solely on the language of the Megan's Law statute. (Trial Court Op., 3/5/04, at 2.) Section 9795.4(e)(2) provides that at an SVP hearing, the defendant "shall have the right to counsel and to have a lawyer appointed to represent him if he cannot afford one." It also states that if the defendant requests an expert assessment other than that conducted by the Sexual Offenders Assessment Board, he must provide a copy of that report to the Commonwealth before the hearing. 42 Pa.C.S.A. § 9795.4(e)(2). Because the statute does not explicitly state that the defendant is entitled to a court-appointed expert, the trial court concluded that he is not.

¶ 9 We believe the language of the statute supports the opposite conclusion. Immediately preceding the right-to-counsel provision, the statute declares that the defendant shall be given "an opportunity to be heard, the right to call witnesses, **the right to call expert witnesses**, and the right to cross-examine witnesses." 42 Pa. C.S.A. § 9795.4(e)(2) (emphasis added); see Commonwealth v. Howe, 842 A.2d 436, 447 (Pa.Super.2004). It also provides that the defendant is entitled to an expert assessment other than that conducted by the Sexual Offenders Assessment Board. 42 Pa.C.S.A. § 9795.4(e)(2). It would be fundamentally unfair to afford a defendant those rights but then preclude him from

exercising them simply because he is indigent. Likewise, it would be unfair to allow a wealthy defendant those rights but to deny them to one who is indigent. We do not believe the legislature intended to give a defendant the right to court-appointed counsel but then deny counsel the resources he needs to effectively represent his client at an SVP proceeding.

¶ 10 Our courts have consistently recognized the right of indigent defendants to have access to the same resources as non-indigent defendants in criminal proceedings. "[T]he state cannot discriminate against appellants on the basis of their indigency." Commonwealth v. Franklin, 823 A.2d 906, 909 (Pa.Super.2003). The state has an "affirmative duty to furnish indigent defendants the same protections accorded those financially able to obtain them." Commonwealth v. Sweeney, 368 Pa.Super. 33, 533 A.2d 473, 480 (1987). Moreover, procedural due process guarantees that a defendant has the right to present competent evidence in his defense, and the state must ensure that an indigent defendant has a fair opportunity to present his defense. Ake v. Oklahoma, 470 U.S. 68, 76, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

¶ 11 It is true that the Commonwealth is not obligated to pay for the services of an expert simply because a defendant requests one. See Commonwealth v. Carter, 537 Pa. 233, 643 A.2d 61, 73 (1994); Gelormo, supra. There must be some showing as to the content and relevancy of the proposed expert testimony before such a request will be granted. See Commonwealth v. Bell, 706 A.2d 855, 862 (Pa.Super.1998).

---

3. The decision whether to appoint an expert witness to assist in the preparation of a defense is within the sound discretion of the trial court. Commonwealth v. Gelormo, 327 Pa.Super. 219, 475 A.2d 765, 769 (1984).

¶ 12 For example, the United States Supreme Court has held that a capital defendant is entitled to a court-appointed mental health expert when the defendant's sanity will likely be a significant factor in his defense at trial. *See Ake,* 470 U.S. at 83, 105 S.Ct. 1087. "[W]hen the State has made the defendant's mental condition relevant to his criminal culpability and to the punishment he might suffer, the assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense." *Id.* at 80, 105 S.Ct. 1087. The Supreme Court in *Ake* also recognized a capital defendant's right to a court-appointed expert at sentencing where the state intends to present psychological evidence of the defendant's future dangerousness. *Id.* at 83–84, 105 S.Ct. 1087. Without the assistance of a mental health expert, "the defendant cannot offer a well-informed expert's opposing view," and thus loses a significant opportunity to raise questions in the mind of the trier of fact about the state's proof. *Id.* at 84, 105 S.Ct. 1087.[4]

■ ¶ 13 We believe the need for expert assistance is similarly compelling in Megan's Law proceedings, where a defendant's mental condition and likelihood of future dangerousness are the central issues. The Commonwealth's expert is a member of the Sexual Offenders Assessment Board, which is comprised of "psychiatrists, psychologists, and criminal justice experts, each of whom is an expert in the field of the behavior and treatment of sexual offenders." 42 Pa.C.S.A. § 9799.3(a). The Board members are appointed by the Governor and overseen by the Board of Probation and Parole. *Id.* § 9799.3(b),(e). After reviewing the statutory criteria and the defendant's profile, the expert offers an opinion as to whether the defendant suffers "a mental abnormali-

ty or personality disorder that makes [him] likely to engage in predatory sexual offenses." *Id.* § 9792; *see id.* § 9795.4(b). If the defendant has no expert to rebut the Commonwealth's evidence, then the trier of fact will receive expert testimony from only one source, which is effectively an arm of the state government.

¶ 14 We agree with Curnutte when he says:

> Here, the government merely need[s][to] show by clear and convincing evidence that the defendant is a sexually violent predator. Without any evidence to counter the government's assessor, it is difficult to imagine any scenario where the defendant would not be found to be a sexually violent predator when the assessor deems it so. This is especially true where counsel does not even have the benefit to discuss cross examination issues with an expert on the subject, let alone have them conduct an evaluation and testify at the hearing.

(Appellant's Brief at 17.)

■ ¶ 15 Furthermore, we reject the Commonwealth's argument that because Megan's Law proceedings have been determined to be non-punitive in nature, *see Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003), the same constitutional safeguards do not apply as would apply at a criminal trial. Our legislature specifically found that an indigent defendant has a constitutional right to counsel at an SVP proceeding and incorporated that right directly into the statute. *See* 42 Pa.C.S.A. § 9795.4(e)(2); *see also Franklin,* 823 A.2d at 909 ("[T]he 'equal protection clause and the due process incorporation of the sixth amendment require that an indigent be afforded the assistance of legal counsel at every critical stage throughout the criminal process.'") (citation omitted). Con-

---

4. *But see Commonwealth v. Miller,* 560 Pa. 500, 746 A.2d 592, 600 (2000) (defendant was not entitled to court-appointed expert to prove mental health mitigating circumstances at sentencing where "future dangerousness was not an issue").

comitant with the right to representation at a Megan's Law hearing is a defendant's right to "call expert witnesses," "cross-examine witnesses," and procure a second expert assessment. 42 Pa.C.S.A. § 9795.4(e)(2). However, these rights are meaningless to an indigent defendant such as Curnutte if the court is unwilling to provide the tools necessary to counter the Commonwealth's evidence.

¶ 16 For these reasons, we conclude that the trial court abused its discretion in denying Curnutte's request for appointment of a psychological expert to assist him at the SVP hearing. *See Gelormo, supra.* We, therefore, vacate the portion of the judgment of sentence designating him an SVP. On remand, the trial court shall appoint an expert for Curnutte and conduct a new SVP hearing.

¶ 17 Judgment of sentence affirmed in part and vacated in part. Case remanded for appointment of an expert and further proceedings consistent with this opinion. Jurisdiction relinquished.