# Commonwealth v. Holizna

450

*George R. Kepple,* for plaintiff.
*Joseph F. Caruso,* for defendant.

VALASEK, *J.,* October 28, 2005—Before the court for disposition is defendant's petition for Post Conviction Collateral Relief (PCCR), which was timely filed on April 18, 2005 by defendant acting pro se. Counsel has been appointed to represent defendant with respect to this petition.

The background of this case is as follows. On September 5, 2003, defendant pled guilty to charges of statutory sexual assault and indecent assault. On September 20, 2003, the defendant having been convicted of a sexually violent offense as specified in 42 Pa.C.S. §9795.1, specifically 18 Pa.C.S. §3126(a)(7), pertaining to indecent assault upon a complainant less than 13 years of age, the court ordered that the Sexual Offenders Assessment Board (SOAB) perform an assessment to determine whether defendant met the criteria to be adjudicated a sexually violent predator pursuant to Pennsylvania's Megan's Law, 42 Pa.C.S. §9795.1 et seq.

Defendant was interviewed by the SOAB assessor, who subsequently prepared a written assessment of defendant. Copies of the assessment were given to both the Commonwealth and the defendant prior to defendant's

SVP hearing on February 25, 2004. At the hearing, the SOAB assessor reviewed her findings for the court and stated that in her expert opinion, defendant met the criteria set forth in section 9795.4 and should be adjudicated a sexually violent predator. Although defendant had the right to hire his own expert and to present that expert's findings at the hearing pursuant to 42 Pa.C.S. §9795.4(e)(2), he did not do so. On March 23, 2004, this court ruled that defendant was a sexually violent predator. Petitioner was thereafter sentenced to a term of imprisonment of no less than six nor more than 12 years. No direct appeal was taken from the SVP determination or judgment of sentence.

Defendant's PCCR petition alleges, among other things, that defendant's privately-employed trial counsel was ineffective because he did not inform defendant that he could petition the court to hire an independent expert assessor at public expense if defendant could not afford to hire one. The court conducted an evidentiary hearing solely for the purpose of developing a record on this issue on August 19, 2005.

At the hearing, defendant testified that he had received a copy of the SOAB assessor's report prior to the SVP determination hearing and that he did discuss the report's findings with his attorney, Clifford Early. However, defendant said Early never informed him that he could hire his own expert to counter the SOAB's assessment. Defendant further testified that at this point, he had no income or assets with which to pay for his own expert.[1]

---

1. Defendant testified that he was last employed in July 2001, at which time he was seriously injured in an automobile accident and could no longer work. Defendant testified that he subsequently filed

Early disagreed with defendant's testimony. Early testified that he and defendant had in fact reviewed and discussed both the written SOAB assessment and this court's order of September 30, 2003. The order outlined in detail the procedure for determining whether defendant was an SVP, and specifically referred to defendant's right to hire his own expert. Early said they then talked specifically about this possibility and Early asked defendant how he wished to proceed. According to Early, defendant replied that he could not afford to hire his own expert and also indicated to Early that he did not see how it would benefit him to hire one. Early did admit that he had never considered the possibility of petitioning the court to approve the hiring of an expert at county expense, and that he never discussed this option with defendant.

The court accepts as true counsel's testimony that he and defendant together reviewed the September 30, 2003 scheduling order which included defendant's right to hire an independent expert, and that they also together reviewed the assessor's findings and recommendations regarding the issue of whether or not defendant should be adjudicated to be a sexually violent predator. The court further finds credible counsel's testimony that he and defendant discussed the possibility of hiring an independent expert and that defendant rejected that possibility on the basis that he could not afford to hire one, and also did not see how it would help his case.

The court also finds that defendant was at that time indigent and could not afford to hire his own expert to

suit and received $40,000 for his injuries, which he spent on bail and attorney's fees in the instant case.

rebut the Commonwealth's report at the SVP hearing, and that defendant's counsel never presented defendant with the option of seeking the court's permission to hire an expert at public expense.

The Superior Court recently decided in *Commonwealth v. Curnutte,* 871 A.2d 839, 841 (Pa. Super. 2005), that a defendant is entitled to the assistance of a court-appointed psychological expert at an SVP proceeding when he is unable to procure one on his own. The court explained, "[T]he need for expert assistance is . . . compelling in Megan's Law proceedings, where a defendant's mental condition and likelihood of future dangerousness are the central issues." *Id.* at 843.

The Superior Court then held that the trial court had erred when it denied the indigent defendant's request for a court-appointed mental health expert, stating, "[P]rocedural due process guarantees that a defendant has the right to present competent evidence in his defense, and the state must ensure that an indigent defendant has a fair opportunity to present his defense." *Id.* at 842. On that basis, the Superior Court vacated the trial court's SVP determination and remanded the case for the appointment of an expert and a new SVP hearing. *Id.* at 841.

Defendant claims that his trial counsel was ineffective in failing to advise defendant of his right to apply for a court-appointed expert, and in failing to seek the appointment of same. When a defendant raises an ineffectiveness of counsel claim in a PCCR petition, the defendant must show: (1) that the underlying claim of error is of arguable merit, (2) that counsel had no reasonable basis for the action or omission in question, and (3)

that counsel's action or omission caused prejudice to his client, such that the outcome of the proceedings would have been different. *Commonwealth v. Pierce,* 515 Pa. 153, 158-60, 527 A.2d 973, 975-76 (1987).

Applying the three-prong *Pierce* test to the facts of this case, the court will first address the question of whether defendant's counsel acted reasonably despite the fact that he failed to inform defendant that he could seek to have the court appoint an independent expert. The court notes that defendant's SVP hearing was held on February 25, 2004, while *Curnutte* was not decided until March 22, 2005, more than a year later.

In *Curnutte,* the Superior Court specifically stated that it was addressing "an issue of first impression: whether under the statutory scheme in Pennsylvania a defendant is entitled to the assistance of a court-appointed psychological expert at an SVP proceeding when he is unable to procure one on his own." *Id.* at 841. From this, it is clear that the issue had never been addressed in the context of Pennsylvania's Megan's Law.

In addition, the plain language of the statute provided that a defendant "shall have the right to counsel and to have a lawyer appointed to represent him if he cannot afford one." 42 Pa.C.S. §9795.4(e)(2). By contrast, the statute stated that a defendant had the right to request an expert assessment other than that conducted by the SOAB, but did not state that the court would appoint this expert at public expense if defendant could not afford to hire one. See 42 Pa.C.S. §9795.4(e)(2).

Furthermore, the Supreme Court had just determined that Megan's Law proceedings were non-punitive in nature and that the constitutional safeguards required in

connection with a criminal trial were not necessarily required in order to make an SVP determination. See *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003). The Supreme Court has held numerous times that "counsel cannot be ineffective for failing to predict changes in the law." *Commonwealth v. Tilley,* 566 Pa. 312, 318-19, 780 A.2d 649, 653 (2001), citing *Commonwealth v. Fowler,* 550 Pa. 152, 156, 703 A.2d 1027, 1029 (1997). Accord, *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977). Under the circumstances recited above, it was entirely reasonable for defendant's trial counsel to believe that the court was not required to appoint an independent assessor at public expense.

Moreover, defendant's trial counsel testified that defendant "thought that another expert would not persuade the court if Ms. Manno made that [SVP] determination," Transcript of 8/19/05 hearing at 12, that defendant believed the court would not find him to be a SVP because the assessor's report did not state that defendant was violent, *id.* at 10, and that counsel believed he could advance defendant's case through effective cross-examination of the assessor. *Id.* For all the above reasons, the court finds that defendant's trial counsel did not provide ineffective assistance by failing to advise defendant that he could seek to have an expert assessor appointed at public expense.

Although this opinion disposes of the expert assessor issue, there are several issues which still must be resolved. Some of these involve claims of ineffective assistance of counsel, and some deal with the sufficiency of the evidence. The court notes that a challenge to the sufficiency of the evidence is not cognizable in a PCRA peti-

tion, since such a challenge is properly made by direct appeal. *Commonwealth v. Price,* 876 A.2d 988, 993-94 (Pa. Super. 2005). However, defendant claims that his right of direct appeal was improperly obstructed by government officials. If the court finds that defendant's right to file a direct appeal was improperly obstructed, the proper remedy would be to allow him to file a direct appeal nunc pro tunc. Therefore, the court will order an evidentiary hearing to be held on that issue forthwith.

An appropriate order will follow.

### ORDER

And now, October 28, 2005, having considered defendant's Post-Conviction Relief Act petition claim that he received ineffective assistance of counsel because he was not advised prior to his sexually violent predator hearing that he could seek to have an expert assessor appointed at public expense, and having held an evidentiary hearing solely on that issue, the court finds that defendant has failed to show by a preponderance of the evidence that he received ineffective assistance of counsel in that regard. Therefore, it is ordered, adjudged and decreed that defendant's petition for PCRA relief be and is hereby denied with respect to that issue. It is further ordered, adjudged and decreed that an evidentiary hearing on the issue of whether defendant's right to a direct appeal was improperly obstructed be held on March 6, 2006, at 2:30 p.m. in courtroom no. 2 of the Armstrong County Courthouse, Kittanning, Pennsylvania so that the court may determine forthwith if defendant should be granted a direct appeal nunc pro tunc.