**COMMONWEALTH of Pennsylvania**
Appellee

v.

**Carl D. MCWILLIAMS Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 22, 2005.

Filed Nov. 18, 2005.

Lance T. Marshall, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Sean P. McGraw, Bellefonte, for appellant.

Before: TODD, MONTEMURO * and BECK, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 Following his jury conviction for sexually abusing 6½ year old twin sisters during the summer of 1993, Appellant was designated as a sexually violent predator (SVP) under Megan's Law II, 42 Pa.C.S.A. § 9791 et seq., and sentenced to an aggregate 494 to 988 months' imprisonment. Because we conclude that Appellant was entitled to the appointment of a psychological expert to assist him at his SVP hearing, we vacate his judgment in part, and remand for further proceedings. In all other respects, we affirm the judgment of sentence.

¶ 2 In August of 2000, a criminal complaint was filed against Appellant alleging that he had sexually molested 6½ year old twin sisters over a three month period from June through August of 1993 when he was involved in a relationship with the girls' mother. Following a one day jury trial on March 4, 2004, Appellant was found guilty of rape, statutory rape, aggravated indecent assault (2 counts), indecent assault (6 counts), and corruption of minors (2 counts); he was acquitted of three additional counts of aggravated indecent assault. The trial court ordered an SVP assessment pursuant to Megan's Law II and a hearing was scheduled for June 15, 2004. However, prior to the hearing, Appellant moved for a continuance and requested the appointment of an expert to assist him in preparation of the SVP hearing. The trial court granted the continuance, but denied the appointment of an expert. At the July 30, 2004, sentencing

hearing, Appellant was designated as an SVP pursuant to Megan's Law II, and sentenced to an aggregate 494 to 988 months' imprisonment (approximately 41— 82 years). The sentences for rape and both counts of aggravated indecent assault fell within the aggravated range of the guidelines; all other sentences were within the standard range. The court imposed all sentences to run consecutively.[1]

¶ 3 Appellant filed an original and amended post sentence motion challenging both the excessiveness of his sentence and the court's refusal to appoint an expert for his SVP hearing. The motion was promptly denied, and this timely appeal followed.

¶ 4 Appellant raises two issues for our review:

I. Did the Court of Common Pleas err in declining to appoint an expert to assist Appellant at the consolidated "sexually violent predator"/sentencing hearing?

II. Was the sentence imposed manifestly excessive?

(Appellant's Brief at 15).

¶ 5 Appellant's first issue challenges the trial court's denial of his motion to appoint a psychological expert to assist him at his SVP hearing. The Commonwealth concedes, based on this Court's recent decision in Commonwealth v. Curnutte, 871 A.2d 839 (Pa.Super.2005), that the ruling was erroneous. We agree.

¶ 6 In Curnutte, this Court considered the same issue raised here: whether Megan's Law II provides an indigent defendant with the right to seek a court-appointed psychological expert to assist him at an SVP proceeding. Concluding that it does, we focused on the language of the statute itself; specifically, the declaration

---

* Retired Justice assigned to Superior Court.

1. No further sentences were imposed on the corruption of minors convictions.

that the· defendant is entitled "to call expert witnesses" at an SVP hearing, and the provision that a defendant "is entitled to an expert assessment other than that conducted by the Sexual Offenders Assessment Board." *Id.* at 842 (citing 42 Pa. C.S.A. § 9795.4(e)(2)). The *Curnutte* Court· found that "[i]t would be fundamentally unfair to afford a defendant those rights then preclude him from exercising them simply because he is indigent." *Id.*

¶ 7 The same is true here. There is no dispute that Appellant is indigent. *See* Commonwealth's Brief at 3. Moreover, Appellant promptly moved for the appointment of an expert to assist him in preparing for his SVP hearing. Based on *Curnutte*, we find that the trial court abused its discretion in denying his request. Accordingly, we vacate that portion of Appellant's sentence designating him an SVP, and direct that on remand, the trial court appoint an expert for Appellant and conduct a new SVP hearing. *See Curnutte, supra* at 844.

¶ 8 Next, we consider Appellant's claim that his sentence is manifestly excessive. It is well settled that

> [m]atters of sentencing are left to the sound discretion of the trial judge. Absent a finding that the court manifestly abused its discretion, this Court will not substitute its judgment for that of the trial court.

*Commonwealth v. Rickabaugh,* 706 A.2d 826, 847 (Pa.Super.1997), *appeal denied,* 558 Pa. 607, 736 A.2d 603 (1999). Appellant's specific claim challenges the discretionary aspects of his sentence; accordingly, pursuant to the dictates of 42 Pa.C.S.A. § 9781, he must petition for allowance of appeal by including in his brief a separate, concise statement of the reasons relied upon for allowance of appeal. *See* Pa. R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987).

The Rule 2119(f) Statement must "raise a substantial question as to the appropriateness of the sentence" by demonstrating that the "actions of the sentencing court [were either] inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Gaddis,* 432 Pa.Super. 523, 639 A.2d 462, 469 (1994), *appeal denied,* 538 Pa. 665, 649 A.2d 668 (1994).

¶ 9 Here, we find that Appellant's Rule 2119(f) Statement minimally satisfies the requirements of *Tuladziecki.* Appellant argues that his lengthy sentence is inappropriate in light of this Court's recent decisions in *Commonwealth v. Walls,* 846 A.2d 152 (Pa.Super.2004), *appeal granted,* 583 Pa. 662, 875 A.2d 1075 (2005), and *Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004), *appeal denied,* 880 A.2d 1236 (Pa.2005). We disagree.

¶ 10 In *Walls, supra,* the appellant was sentenced to an aggregate term of 21 to 60 years' imprisonment for one count each of rape, involuntary deviate sexual intercourse (IDSI), and incest. Although the sentence for incest was in the standard range, the sentences imposed for rape and IDSI were the statutory maximums, and all three sentences were ordered to run consecutively. In finding that the trial court abused its discretion, we noted that the court's comments at sentencing expressed "an agenda against sex offenders that involves imposing the maximum sentence allowed by law regardless of the individual circumstances of the case." *Id.* at 159. Indeed, we explained that "[w]hen a court evidences an established practice of treating .all defendants convicted to certain crimes in a certain fashion, most notably, imposing the maximum sentence allowed by law, it violates its obligation to impose an individualized sentence." *Id.* at 160. Therefore, we vacated the judgment

of sentence and remanded the case for resentencing.

¶ 11 In *Dodge, supra,* this Court vacated the judgment of sentence of an aggregate 58½ to 124 years' imprisonment following the appellant's conviction of receiving stolen property (37 counts), burglary (2 counts), criminal trespass, unauthorized use of a vehicle, possession of a small amount of marijuana, and possession of drug paraphernalia. While the individual sentences imposed were in the standard range, the court ran all of the sentences consecutively. In concluding that sentence was "clearly unreasonable," we focused on three specific concerns. *Id.* at 781. First, the trial judge appeared to have had a "fixed purpose" of keeping the appellant in jail for the rest of his life. *Id.* Indeed, the 42 year old appellant would minimally be in prison until he was 100½ years old. Second, the court did not "engage in a meaningful analysis of the gravity of the offenses." *Id.* The trial judge sentenced the appellant to a minimum of 52 years on the 37 receiving stolen property offenses alone. Finally, the court failed to address the rehabilitative needs of the appellant. *Id.*

¶ 12 The facts here are notably different from those in both *Walls* and *Dodge.* First, we note that a court's decision to impose consecutive, rather than concurrent, sentences does not alone present a substantial question for our review. *Rickabaugh, supra* at 847; *Gaddis, supra* at 469–70. Although the imposition of consecutive sentences in both *Walls* and *Dodge* led to the lengthy, and unreasonable, terms of imprisonment, we vacated the sentences based on other factors, *i.e.,* the court's failure to impose an individualized sentence or to consider the gravity of the offenses. Here, those other factors are simply not present. Indeed, the court sentenced Appellant in the standard range

of the guidelines for 7 of the convictions, in the aggravated range for 3 convictions, and imposed no further sentence on the two corruption of minors' charges. The court considered the fact that Appellant was on parole for another statutory rape at the time he molested the two 6½ year old victims. (N.T., 7/30/04, at 91). Recognizing the length of the sentence imposed, the court explained:

> ... I am not unmindful of the fact that the number of years for which these months add up is around 41 years as a minimum. Therefore, the maximum is 82 years. Mr. McWilliams is, I believe, in his mid-fifties, ... and I understand the math and what age Mr. McWilliams would be if he reaches the minimum sentence here, but to go away from my point that I am not intending to impose a sentence of life imprisonment, I cannot scale down what I believe to be appropriate sentences just for the purpose of the possibility, if Mr. McWilliams is in good health, that he will be able to come out of incarceration or be released on parole from his incarceration. That, I too think would be inappropriate, because I believe these sentences should be consecutive. There were two victims and that may be all that needs to be said, but there were separate acts.

*Id.* at 93–94. Moreover, in considering the rehabilitative needs of Appellant, the court noted that he had completed a sexual offenders treatment program while he was incarcerated for the prior offense, "which apparently was not successful in reaching [him]." *Id.* at 96.

¶ 13 After a thorough review of the record, we find no reason to disturb the trial court's sentence. None of the concerns expressed by this Court in *Walls* or *Dodge* are present here. Therefore, although we vacate that part of the sentence designat-

ing Appellant to be an SVP, we affirm the judgment of sentence in all other respects.

¶ 14 Judgment of sentence affirmed in part and vacated in part. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.