J-S36029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANCISCO VELEZ-ZARAGOZA | : | |
| | : | |
| Appellant | : | No. 2476 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000334-2021

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:            **FILED DECEMBER 19, 2023**

Appellant Francisco Velez-Zaragoza appeals from the judgment of sentence imposed after he pled guilty to rape of a child and related offenses. Appellant argues that the trial court abused its discretion by denying Appellant's request for public funding to hire a defense expert for the sexually violent predator (SVP) hearing.  We affirm.

We adopt the trial court's facts and procedural history.  ***See*** Trial Ct. Op., 11/16/22, at 1-2.  Briefly, Appellant entered a negotiated guilty plea to rape of a child, involuntary deviate sexual intercourse, and statutory sexual assault on January 28, 2022.[1]  The Honorable Diane E. Gibbons deferred sentencing for the Sexual Offenders Assessment Board (SOAB) to determine whether Appellant was an SVP.

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(a)(7), and 3122.1(b), respectively.

On June 1, 2022, Appellant filed a motion requesting that the trial court provide $2,000 in public funds for Appellant to use to hire an expert witness for the SVP hearing. In support of his request, Appellant made the following assertions:

4. [Appellant's] family has been contacted requesting funds to hire a defense expert and various experts had been contacted for the purpose of retaining them.

5. [Appellant's c]ounsel has been able to procure an expert who will review the [SOAB] file, write a report, and testify for a fee of $4,000.

6. [Appellant's] family has gathered all available funds and [was] able to come up with $2,000 to cover the cost of the expert.

7. [Appellant's c]ounsel will be severely handicapped in cross examining the SOAB psychologist and presenting a defense to her finding if a defense expert cannot be retained.

Appellant's Mot. for Public Funds, 6/1/22, at 1-2 (unpaginated).

Appellant did not attach an affidavit describing his inability to pay the proposed expert's fee or any documentation regarding his financial status to his motion. The Honorable Raymond F. McHugh denied Appellant's motion for public funds on July 25, 2022.

The Honorable Charissa J. Liller conducted Appellant's sentencing and SVP hearing on September 21, 2022. Appellant objected to proceeding with the SVP hearing that day because Judge McHugh had denied his motion for public funds to hire an expert witness. The trial court overruled that objection. The Commonwealth presented the testimony of SOAB member Veronique N. Valliere, Psy.D., who concluded that Appellant met the criteria for an SVP

pursuant to the Sexual Offenses Reporting and Notification Act[2] (SORNA II). Appellant did not call any witnesses for the SVP hearing. Ultimately, the trial court sentenced Appellant to the agreed-upon term of ten to twenty years' incarceration pursuant to the negotiated plea agreement. The trial court also concluded that Appellant was an SVP.

Appellant filed a timely notice of appeal. Both Appellant and the trial court[3] complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

> Did the trial court abuse its discretion in denying Appellant's motion for funds for expert witness without a hearing?

Appellant's Brief at 8 (formatting altered).[4]

In his sole claim, Appellant argues that the trial court erred by denying his motion for public funds to hire an expert for the SVP hearing. *Id.* at 11-18. Appellant contends that as an indigent defendant, he had a right to a public funds to hire an expert witness for the SVP hearing. *Id.* at 11-14 (citing, *inter alia*, **Commonwealth v. Curnutte**, 871 A.2d 839 (Pa. Super.

---

[2] 42 Pa.C.S. §§ 9799.10-9799.42.

[3] Although Judge McHugh denied Appellant's motion for public funds, Judge Liller was the sole author of the trial court's Rule 1925(a) opinion.

[4] We note that in his Rule 1925(b) statement, Appellant also argued that SORNA was unconstitutional. **See** Rule 1925(b) Statement, 10/14/22. Appellant has not raised this claim in his appellate brief; therefore, Appellant has abandoned this issue on appeal. **See** Pa.R.A.P. 2116(a), 2119(a); **see also Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

2005)).  Appellant further claims that the trial court erred by denying his motion without first holding a hearing to determine whether Appellant was indigent.  *Id.* at 15-17 (citing *Commonwealth v. Cannon*, 954 A.2d 1222 (Pa. Super. 2008)).

This Court has explained that "the provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will not be reversed absent an abuse of that discretion."  *Commonwealth v. Konias*, 136 A.3d 1014, 1019 (Pa. Super. 2016) (quoting *Cannon*, 954 A.2d at 1226) (some formatting altered).

> It is well-established that indigent defendants have a right to access the same resources as non-indigent defendants in criminal proceedings.  The state has an affirmative duty to furnish indigent defendants the same protections accorded those financially able to obtain them.  Procedural due process guarantees that a defendant has the right to present competent evidence in his defense, and the state must ensure that an indigent defendant has fair opportunity to present his defense.

*Id.* (citations omitted and some formatting altered).

However, "the Commonwealth is not obligated to pay for the services of an expert simply because a defendant requests one."  *Id.* at 1020-21 (quoting *Curnutte*, 871 A.2d at 842) (some formatting altered).  This Court has explained that when it reviews a trial court's exercise of discretion in determining "indigency for the purpose of appointing an expert . . . we look for guidance to principles established for assessing indigency in determining

- 4 -

whether a party may proceed *in forma pauperis,* or is entitled to the appointment of counsel." *Id.* at 1020 (citing **Cannon**, 954 A.2d at 1226).

> [A] party seeking to proceed *in forma pauperis* is required to file a petition and an affidavit describing in detail the inability to pay the costs of litigation, including the information from the applicant regarding, present or past salary and wages, other types of income within the preceding year, other contributions for household support, property owned, available assets, debts and obligations, and persons dependent for support. . . .
>
> [When considering whether a defendant is indigent for the purposes of appointment of counsel, a]mong other factors that may be relevant to a defendant's financial ability to hire private counsel are the probable cost of representation for the crime charged and the defendant's liabilities.
>
> *   *   *
>
> [M]erely retaining private counsel does not, in itself, establish [that the defendant] was not indigent.

*Id.* at 1020-21 (citations omitted and formatting altered).

Additionally, "[a] mere averment of indigency and inability to pay is not sufficient to trigger the necessity for a hearing under **Cannon**. The defendant must make some specific showing of a financial hardship for the court to afford relief." *Id.* at 1021. Because the defendant in **Konias** failed "to supply the trial court with, at a minimum, any financial information substantiating his inability to pay[]" for an expert, this Court affirmed the trial court's order denying the defendant's motion for public funds to hire experts. *Id.*

Here, after reviewing the record, the parties' briefs, and the well-reasoned conclusions of the trial court, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 3-5. Specifically, we agree with the trial

court's conclusion that Appellant's motion for public funds presented "a mere averment of indigency" and Appellant failed to support his claim of indigency with specific facts and documentation. *See id.* at 4-5. Therefore, the trial court did not abuse its discretion and Appellant is not entitled to relief. *See Konias*, 136 A.3d at 1019.

For these reasons, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF

PENNSYLVANIA

v.

FRANCISCO VELEZ ZARAGOZA

:
:
:
:
:
:
:
:
:
:

No. CP-09-CR-0000334-2021

## OPINION

Francisco Velez Zaragoza ("Appellant") appeals to the Superior Court of Pennsylvania from this Court's denial of his June 6, 2022 Motion for Funds and his September 21, 2022 Motion to Adjourn/Dismiss the Sexually Violent Predator Hearing. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), this Court files this Opinion in support of this Court's ruling.

### I.    FACTUAL HISTORY

In June of 2020, Bristol Township Police Department received a report that alleged a 14-year old girl ("Victim") had been sexually abused for several years by Appellant. *Affidavit of Probable Cause.* Appellant is Victim's step-grandfather. Victim reported that from when she was in the 5th grade to the present Appellant had sexually assaulted her "more times than she could remember" in an escalating manner. *Id.* Victim reported that it began with Appellant rubbing her genitals when she was in the 5th grade. *Id.* The conduct escalated over time. *Id.* Ultimately Appellant digitally and orally penetrated the Victim's genitals. *Id.*





1

## II. PROCEDURAL HISTORY

On February 1, 2022, Appellant entered into a negotiated guilty plea as to Rape of a Child,[1] Involuntary Deviate Sexual Intercourse with a Person Less Than 16 Years of Age,[2] and Statutory Sexual Assault of a Person 11 Years or Older[3] before The Honorable Diane E. Gibbons. Appellant was also designated as a Tier III offender pursuant to the Sexual Offender Registration and Notification Act ("SORNA"). Sentencing was deferred at that time to allow for the completion of an assessment by the Sexual Offenders Assessment Board to determine if Appellant met the criteria for classification as a Sexually Violent Predator (SVP). On June 1, 2022, Appellant filed a Motion for Funds for Expert Witness. On July 25, 2022, The Honorable Raymond F. McHugh denied Appellant's Motion for Funds for Expert Witness. At his sentencing and SVP hearing, which took place on September 21, 2022, Appellant was represented by Sara Webster, Esq. ("Mrs. Webster"). Mrs. Webster orally motioned this Court to Adjourn/Dismiss the Sexually Violent Predator Hearing. This Court denied that motion. On that date Appellant was designated an SVP, after a hearing for the matter. Appellant was then sentenced to a period of ten to twenty years imprisonment at a state correctional institution on the Rape of a Child charge with no further penalty imposed on the other charges.[4] Appellate was given credit for time-served between October 26, 2020 (his initial date of incarnation) through September 21, 2022 (the date of his sentencing).

Appellant filed a Notice of this Appeal on September 28, 2022. On September 29, 2022, this Court filed an Order for a Concise Statement. Appellant filed his Concise Statement of Errors Complained on Appeal on October 14, 2022.

---

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(a)(7).

[3] 18 Pa.C.S. § 3122(b).

[4] This was a negotiation entered into between the Commonwealth and the Defendant, which this Court accepted.

2

## III.    STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On October 14, 2022, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellant filed his Statement of Errors Complained of on Appeal, reproduced *verbatim* below:

1.    Court erred in denying defendant's motion for funds to hire an expert witness to refute the Opinion of the SOAB psychologist with respect to the Sexual Violent Predator determination.

2.    Court erred in denying the defendant's Motion to Adjourn/dismiss the SVP hearing on the grounds that SORNA is unconstitutional in that, inter alia, it is punitive in nature, offends *Alleyne & Apprendi*, results in criminal sentence in excess of the statutory maximums, violates Federal and States prohibitions against cruel and unusual punishment and breaches the separation of powers.

## IV.    DISCUSSION

### A. *This Court Did Not Err in Denying Appellant's Motion for Funds because Appellant Failed to Establish Indigency.*

Appellant's first issue on appeal concerns this Court's denial of his Motion for Funds to Hire an Expert. The standard of review regarding the appointment of an expert witness in criminal matters is "vested in the sound discretion" of the trial court. *Commonwealth v. Cannon*, 2008 PA Super 178, 954 A.2d 1222, 1226 (Pa. Super. 2008), *appeal denied,* 600 Pa. 743, 964 A.2d 893 (Pa. 2009). The decision to deny funds to hire an expert witness to assist in a Defendant's defense against criminal charges will not be overturned absent abuse of discretion. *Id.*

In *Commonwealth v. Konias* the Court established "guiding principles" which may be considered when assessing indigency for the purpose of appointing an expert. 2016 PA Super 68, 136 A.3d 1014, 1021. The Court also held that a hearing was not a requisite for the trial to deny a

3

defendant's motion for funds for an expert because "Any financial information Appellant wished to produce at a hearing was available at the time of filing of those motion" *Id.* Pennsylvania courts have repeatedly held, "[t]he Commonwealth is not obligated to pay for the services of an expert simply because a defendant requests one." *Commonwealth v. Curnutte*, 2005 PA Super 109, 871 A.2d 839, 842 (Pa.Super. 2005). Rather, a defendant is obligated to "provide[] some reliable information as to his inability to pay." *Konias* at 1020. "A mere averment of indigency and inability to pay is not sufficient" to meet this burden. *Id.* Examples of relevant information a defendant could provide the court when petitioning for funds include: "present or past salary and wages, other types of income within the preceding year, other contributions for household support, property owned, available assets, debts and obligations, and persons dependent for support." *Id.* citing *Commonwealth v. Cannon*, 2008 PA Super 178, 954 A.2d 1222, 1226 (Pa.Super. 2008). A court may also consider "factors that may be relevant to a defendant's financial ability to hire private counsel are the probable cost of representation for the crime charged and the defendant's liabilities." *Id.* citing *Cannon* at 1226-27. It should be noted that "merely retaining private counsel does not, in itself, establish [lack of indigency]." *Id.* at 1021.

This Court denied Appellants Motion for Funds for Expert Witness without a hearing. The only facts Appellant averred in his motion that pertained to his financial status were:

1. "The defendant's family has been contacted requesting funds to hire a defense expert..." ¶ 4.

2. "The family has gathered all available funds and being able to come up with only $2,000 to cover the cost of the expert." ¶ 7.

4

Appellant stated nothing further and attached no exhibits to this motion. Appellant's statements clearly constitute a "mere averment of indigency," which the Court has held is not enough to require the Commonwealth provide expert funds. Additionally, this simple statement that the Appellant was unable to pay was not supported with any facts or reliable documentation. Appellant could have provided "present or past salary and wages, other types of income within the preceding year, other contributions for household support, property owned, available assets, debts and obligations, and persons dependent for support," or any other relevant documentation for this Court to consider.

Additionally, all other factors outlined in *Cannon* do not support the finding that the Appellant was indigent or unable to afford an expert without funds from the Commonwealth. Appellant hired Mrs. Webster, a private defense attorney to assist in his defense. Although this factor alone is not conclusive, it is still relevant in this Court's analysis. Another factor weighing heavily against finding the Appellant was unable to afford an expert is the fact that the Appellant was pleading guilty. Appellant was not going to trial and thus the overall probable cost of his defense was relatively low.

Accordingly, this Court's denial of Appellant's Motion for Expert Funds is consistent with the established law. Given the pleadings, factors, and circumstances presented for this Court's consideration, it was well within the purview of the Court to deny Appellant's motion for Expert Funds.

5

**B. This Court Did Not Err in Denying Appellant's Motion to Adjourn/Dismiss the SVP Hearing because SORNA is presently constitutional.**

Appellant's second issue on appeal concerns this Court's denial of his Motion to Adjourn/Dismiss the SVP Hearing.

In December 20, 2012, the Pennsylvania Legislature enacted SORNA I, which required Tier III offenders to register for life and to verify their information and be photographed quarterly. 42 Pa.C.S. §§ 9799.15(a)(3), (e)(3). The aforementioned registry is available to the public online. 42 Pa.C.S. § 9799.28. However, in 2017, the Pennsylvania Supreme Court held that SORNA I violated *ex post facto* principles when applied to individuals who committed a sexual offense before December 20, 2012, and that its registration requirements were "punitive in effect." *Commonwealth v. Muniz*, 164 A.3d 1189, 1193-1218 (Pa. 2017).

Furthermore, in *Commonwealth v. Butler*, the Pennsylvania Supreme Court declared a provision in SORNA I, which identified the trial court as factfinder and specified a clear and convincing evidence burden of proof to designate a defendant an SVP, as unconstitutional. 2017 PA Super 344, 173 A.3d 1212 (Pa. Super. 2017) [*Butler I*], *rev'd* 226 A.3d 972 (Pa. 2020); *See Butler I*, 173 A.3d at 1217-18 (applying *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), based on *Muniz*'s holding that SORNA I was punitive). Subsequently, in 2018, SORNA I was amended to SORNA II, which presently divides sex offender registrants into two distinct subchapters—Subchapter H and Subchapter I. Subchapter H includes individuals who were convicted for an offense that occurred on or after December 20, 2012, and whose registration requirements had not yet expired. *See* 42 Pa.C.S. § 9799.11(c). The Constitutionality of SORNA II has repeatedly been challenged as well. In *Commonwealth v. Butler [Butler 2]*, the Pennsylvania Supreme Court found, "requirements applicable to SVPs do not

6

constitute criminal punishment" and thus SORNA II's requirements do not violate "*Apprendi* or *Alleyne*." *Commonwealth v. Butler*, 226 A.3d 972, 993 (Pa. 2020) These are the exact cases Appellant cites on Appeal.

The current reason this matter is not settled, is because in 2018 a Chester County Trial Court issued an opinion that SORNA II was unconstitutional. *See Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). However, when reviewed by the Pennsylvania Supreme Court, the Court once again refused to hold SORNA II unconstitutional. *Id.* Rather, the Pennsylvania Supreme Court issued an inconclusive decision regarding whether the SVP designation process is constitutional. *Id.* This decision remanded the case to the Chester County Court of Common Pleas so that the Commonwealth could present more evidence. *Id.* On August 23, 2022, Chester County Court of Common Pleas issued its Opinion on Remand and concluded for a second time that "SORNA is unconstitutional as a legislative scheme in both its use of a constitutionality infirm irrebuttable presumption and the punitive effects of its registration and notification provisions[.]" *Commonwealth v. Torsilieri*, No. 15-CR-0001570-2016, p. 27 (Pa. Ct. Comm. Pl. Aug. 23, 2022). The Commonwealth appealed this decision, and this case is awaiting a decision from the Pennsylvania Supreme Court for a second time.

In a recent matter before the Pennsylvania Superior Court, an appellant sought to go beyond the Pennsylvania Supreme Court's holding in *Torsilieri* and conclude that the SORNA registration statutes "are, as a matter of law, unconstitutional on their face." *Commonwealth v. Wolf*, 276 A.3d 805, 814 (Pa. Super. 2022). The Superior Court declined to do so, as under the current state of the law, SORNA is presently constitutional. Unless and until *Torsilieri* is affirmed by our Supreme Court, this Court remains bound by the precedent set before it. *See Commonwealth v. Reed*, 107 A.2d 137, 143 (Pa. Super. 2014). As such, this Appeal has no merit.

7

**CONCLUSION**

For the aforementioned reasons, this Court believes that the issues which Appellant has complained of in his Concise Statement are without merit. Accordingly, this Court respectfully submits that the that Appellant's Appeal be denied.

**BY THE COURT:**

DATE: 11/16/2022

**CHARISSA J. LILLER, J.**

N.B. It is your responsibility to notify all interested parties of the above action.

8