J-S22036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON JARRETT BUSHOR | : | |
| | : | |
| Appellant | : | No. 960 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 11, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000240-2022

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

CONCURRING/DISSENTING MEMORANDUM BY LAZARUS, P.J.:

**FILED: OCTOBER 17, 2025**

I concur with the learned Majority's disposition with respect to Bushor's first three claims. **See** Majority, at 1-11. However, I respectfully dissent from the Majority's conclusion that the trial court did not abuse its discretion by precluding Bushor from admitting the report of his defense expert, Dr. Thomas F. Haworth, at the SVP hearing. In my view, the delay in proceedings was not entirely the fault of the defense, other more equitable remedies existed to resolve the disclosure issue, and the trial court relied upon entirely improper rationale to support its decision. I conclude, therefore, the trial court abused its discretion. As a result, it was Bushor, not the Commonwealth, who was prejudiced and, accordingly, I would reverse and remand for a new SVP

_____

[*] Former Justice specially assigned to the Superior Court.

hearing at which both parties may present expert testimony regarding Bushor's SVP status.

The Majority aptly summarizes our standard of review and, thus, I do not do so here.

First, I note that, pursuant to 42 Pa.C.S.A. § 9799.24(e), both the defendant and the Commonwealth have a right to present expert witnesses at the SVP hearing. **See** 42 Pa.C.S.A. § 9799.24(e)(2) (setting forth rights at SVP hearings).[1] Subsection 9799.24(e) details that both the **defendant** and the **Commonwealth** have the right to "call witnesses, [] **call expert witnesses**, and the right to cross examine." **Id.** Furthermore, as the Majority recognizes, this Court has previously determined that a defendant has a statutory right to present expert testimony. **See** Majority, at 12-13 (citing **Commonwealth v. Curnutte**, 871 A.2d 839 (Pa. Super. 2005)). Thus, it is beyond cavil that the defendant has a right to present his own defense expert at his SVP hearing.

The following procedural history is relevant to my consideration of this case. On March 27, 2023, Bushor was convicted by a jury. On the same date, the trial court ordered SOAB to conduct an SVP assessment. On June 22,

---

[1] Notably, section 9799.24 was declared unconstitutional by this Court in **Commonwealth v. Prieto**, 206 A.3d 529 (Pa. Super. 2019), but was amended, effective immediately, on June 30, 2021. Furthermore, even though section 9299.24 has been previously declared unconstitutional, I note that the statute's language regarding the rights of both the Commonwealth and the defendant to present expert witnesses has seen minimal changes.

2023, the Commonwealth filed a praecipe for a hearing to determine Bushor's SVP status pursuant to subsection 9799.24(e). On June 23, 2023, the trial court conducted a hearing that resulted in a continuance because Bushor and his counsel had not had time to review the praecipe. On September 12, 2023, Bushor filed a continuance request in order to secure a second opinion. In October 2023, Dr. Haworth examined Bushor to make his initial assessment. *See* N.T. SVP Hearing, 2/13/24, at 30. On November 22, 2023, defense filed a motion for a continuance because the expert report had not been completed as they were waiting on SOAB to comply with a subpoena. *See* Trial Court Opinion, 4/9/24, at 2 (unpaginated). The trial court denied this request and conducted a hearing on November 28, 2023, at which time the trial court allowed the Commonwealth to present direct testimony from its expert witness, allowed defense counsel to reserve cross-examination until a later date at which it could present its expert testimony, and granted defense's request for a continuance due to the outstanding report from SOAB. *See id.* at 2-3 (unpaginated); *see also* N.T. SVP Hearing, 11/28/23, at 26 (Commonwealth not objecting to continuance requests); *see id.* at 28 (defense counsel noting subpoena had been issued to SOAB for outstanding report SOAB had used in making assessment, and that, upon receipt, expert report would be prepared within 14 days); *see* N.T. SVP Hearing, 2/13/24, at 30 (Doctor Haworth testifying he could not make November 28, 2023 hearing due to cataract surgery). For reasons unclear from the record, the subpoenaed SOAB report was not provided to defense until early February.

Ultimately, Dr. Haworth was provided with the report from SOAB on February 6, 2024, and used it to finalize his report, which he provided to defense counsel on February 7, 2024.  **See** N.T. SVP Hearing, 2/13/24, at 32 (Doctor Howarth testifying he received SOAB material "last week"); **see also id.** at 34 (Doctor Haworth testifying he worked, upon receipt of outstanding SOAB report, through night and provided report to defense counsel the next day). Defense counsel then provided that report to the Commonwealth on February 13, 2024, a Tuesday, the same day of the hearing.  **See id.** at 34-36; **see also** Trial Court Opinion, 4/9/24, at 3-4 (unpaginated).  The trial court excluded Bushor's expert testimony and report because of his untimely disclosure and the "victim's right to have this matter proceed expeditiously."[2] **See** Trial Court Opinion, 4/9/24, at 4-5.

The Majority concludes that, in excluding Bushor's expert, the trial court did not abuse its discretion because Bushor's assessment had already been conducted by SOAB and "so [Bushor]'s expert would merely have served to supplement the assessment [and, thus,] there is not great prejudice to [Bushor]."  Majority, at 15.  Further, the Majority concludes that "great prejudice" was incurred on behalf of the Commonwealth where Bushor had

_____

[2] I note that there is no support in the law for the trial court's determination that the victim has a right to an expeditious SVP hearing, and the trial court does not cite to any support for this conclusion.  Indeed, subsection 9799.24(e) does not provide rights to victims, only to the Commonwealth and defendants.  **See** 42 Pa.C.S.A. § 9799.24(e).

eight months to prepare his cross-examination of the Commonwealth's expert and the Commonwealth had "only ten minutes." ***Id.***

At the SVP hearing, the Commonwealth objected to the admission of the expert report under subsection 9799.24(e), which requires the defendant to provide the defense expert report to the Commonwealth prior to the hearing. ***See*** N.T. SVP Hearing, 2/13/24, at 22-23 (Commonwealth's objection); ***see also*** 42 Pa.C.S.A. § 9799.24(e).  In response, defense counsel conceded that he did not timely provide the document to the Commonwealth and cited his own after receiving the document "over the weekend." ***See*** N.T. SVP Hearing, 2/13/24, at 23.  Further, defense counsel stated "I'd have no objection if the[ Commonwealth] want[s] to take a short recess . . . [o]r if [it] want[s] a continuance, I have no objection either." ***Id.***  In response, the prosecutor stated "I don't want a continuance . . . I would like to get this determined, the SVP status . . . I certainly do not want a continuance." ***Id.***  Ultimately, the trial court stated to the prosecutor, "if you're not able to go ahead today, you can either make a motion, which I'll consider, or you can have additional time, **which I would undoubtedly grant.**" ***Id.*** at 27 (emphasis added).  After a brief recess, the Commonwealth moved for the trial court to preclude Bushor's expert on the basis that it was disclosed late and the prosecutor "did not have the time" to go through the secondary sources cited in the report. ***See id.*** at 28.

While I understand the trial court's frustration with Bushor's counsel for failing to timely procure the expert report, requesting extensions, and

ultimately not providing the report until the day of the hearing, the trial court had an **equally available remedy** of delaying the hearing again for the Commonwealth to prepare its cross-examination of Bushor's expert. Indeed, the trial court recognized that it would "undoubtedly" grant a continuance for the Commonwealth to review defense's expert report. *See* N.T. SVP Hearing, 2/13/24, at 27.

Furthermore, I also observe that, in its analysis, the trial court does not address any of the stated reasons for the tardiness of the defense's report. Indeed, it is clear from the record that the defense had been having difficulty securing additional accurate information from SOAB since, at the latest, November 22, 2023. *See* N.T. SVP Hearing, 11/28/23, at 26-28 (defense requesting continuance due to SOAB's non-compliance with subpoena). Further, the defense expert requested the information several times and it was not until approximately February 6, 2024, that defense counsel was provided with that information. Ultimately, defense counsel provided the report to the defense expert on February 6, 2024, and the expert authored his report the following day. *See* N.T. SVP Hearing, 2/13/24, at 32-34. Therefore, I agree with the trial court that defense counsel's actions are not an example of stellar advocacy, but it is also clear from the record that there were issues beyond defendant's control that largely contributed to the delay in this case. As such, I would conclude that the trial court abused its discretion in precluding the expert report and testimony when another available, **more equitable**, remedy existed, namely, a continuance.

Moreover, I note that the other reasons relied upon by the trial court and the Majority are entirely improper. I adamantly disagree that Bushor's defense expert would "**merely [] serve[] to supplement**" SOAB's assessment. Majority, at 15. In my view, if Bushor's own expert had classified him as an SVP, and Bushor's own counsel had then put that expert on the stand, such conduct would, **at a minimum**, be grounds for ineffective assistance of counsel for advocating against one's own client. Furthermore, Dr. Haworth's report **does not merely supplement SOAB's assessment**. Rather, a cursory review of the report, which was attached to Bushor's motion for reconsideration, reveals that Dr. Haworth reaches the **exact opposite conclusion from the SOAB assessment**. *See* Sexually Violent Predator Assessment of Bushor, 11/28/23, at 1-6 (William G. Allenbaugh, SOAB member, concluding Bushor is an SVP);[3] *but see* Psychosexual Evaluation, 2/7/24, at 1-14 (Doctor Haworth's examination of Bushor and conclusion that Bushor is not an SVP). Accordingly, Dr. Haworth's report **unequivocally does not "merely supplement" SOAB's assessment, but reaches the complete opposite conclusion**, and the Majority's assertion to the contrary is baseless.

I also disagree that there was "great prejudice" suffered by the Commonwealth. As I highlighted above, there was an equally available equitable remedy, a continuance to afford the Commonwealth time to prepare

_____

[3] The report was prepared on June 21, 2023, but not admitted into the record until November 28, 2023.

its cross-examination of Dr. Haworth. Indeed, the Commonwealth's expert had already testified on direct, was permitted to testify on cross-examination remotely at the February 13, 2024 SVP hearing, and the Commonwealth had no more outstanding issues to address. Further, the Commonwealth is under no time restrictions to bring a defendant to an SVP hearing. This jurist is unaware of any case law or rule that places a time constraint on the Commonwealth to seek an SVP designation. Therefore, I cannot conclude that the Commonwealth suffered "great prejudice" where a more equitable remedy, a continuance which the trial court had expressly stated it would grant, existed.

Rather, the defendant was the party prejudiced in this case, where he was effectively denied his statutory right to present his own expert witness rebutting SOAB's assessment, and on that of the trial court, which would have benefitted from both experts' reports instead of just one. The fact that the prosecutor did not like the idea of a continuance does not translate to prejudice to the Commonwealth. Indeed, it had no objections to any of the other continuances at the prior hearings. Rather, the Commonwealth repeatedly acquiesced and agreed that more time was appropriate due to the outstanding circumstances. *See* N.T. Continuance Hearing, 6/23/24, at 4 (Commonwealth noting "no objection" to continuance); N.T. SVP Hearing, 11/28/23, at 26 (Commonwealth noting "no objection" to defense reserving right to cross-examine at later date, and "no objection" to continuance where SOAB had not complied with subpoena).

In conclusion, despite defense counsel's failure to procure the expert report in a timely fashion, the other reasons relied upon by the trial court and the Majority do not support preclusion of the defense expert's testimony or expert report. In my view, the Commonwealth suffered little to no prejudice, and certainly not "great prejudice," by the day-of disclosure of Dr. Haworth's report. As I emphasized repeatedly, the trial court indicated it would "undoubtedly" grant a continuance, which would have been a more equitable remedy. Moreover, the other reasons the trial court and Majority rely upon have no support in law or fact and, for these reasons, I would reverse and remand for a new SVP hearing.